# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **MARTIN CARL MEEHAN,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | )   **CAUSE NO. 3:05-CV-563 AS** |
| **v.** | ) |
| | ) |
| **STATE OF INDIANA,** *et al.***,** | ) |
| | ) |
|        **Defendants.** | ) |

## *OPINION AND ORDER*

Martin Carl Meehan, *a pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Meehan filed a motion to amend to add Governor Mitch Daniels. Pursuant to Fed. R. Civ. P. 15(a), Mr. Meehan may, at this time, amend his complaint as a matter of right, therefore the motion will be granted and Governor Mitch Daniels will be added as a defendant.

Mr. Meehan names six defendants (State of Indiana, Attorney General Steve Carter, Prosecutor Michael Dvorak, Public Defender Greggory Kauffman, Judge Jerome Frese, and Governor Mitch Daniels) and seeks monetary relief for the property that was taken from him and for the time he spent in jail when he was denied a speedy trial.

The Eleventh Amendment precludes damage claims against States. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Therefore the State of Indiana must be dismissed.

State officials, in their official capacities, are not "persons" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore Attorney General Steve Carter and Governor Mitch Daniels must be dismissed.

"In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Therefore Prosecutor Michael Dvorak must be dismissed.

A defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore Public Defender Greggory Kauffman must be dismissed.

A state court judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 439, 359 (1978). Therefore Judge Jerome Frese must be dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** the motion to amend (docket # 3); and

(2) **DISMISSES** this case pursuant to 28 U.S.C. 1915A.

**IT IS SO ORDERED.**

**ENTERED: September   8  , 2005**

                                 **S/ ALLEN SHARP**
                                 **ALLEN SHARP, JUDGE**
                                 **UNITED STATES DISTRICT COURT**